UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LEE MICHAEL TOMKO,

      Plaintiff,

v.                                               Case No.:  6:25-cv-780-AGM-NWH

UNITED STATES,

      Defendant.
_____

## REPORT AND RECOMMENDATION

This cause comes before the Court on Defendant the United States of America's Motion to Dismiss (Doc. 10) (the "Motion"). Plaintiff Lee Michael Tomko, who is proceeding *pro se*, filed a Response in opposition (Doc. 14). For the reasons set forth below, the undersigned respectfully recommends that the Court grant in part and deny in part the Motion.

### BACKGROUND

Plaintiff explains in his Complaint:[1]

> A person sent me $1 billion and $100 million (two different pieces of mail) and it was stolen from the mail either by an unknown FBI agent or at the direction of the unknown FBI agent. To my knowledge the person

---

[1] The Court notes that Plaintiff submitted both a form Complaint and seven pages with "more information." *See id.* These pleadings will be referred to collectively as Plaintiff's "Complaint."

> that sent the money obtained it entirely through legitimate means. It is not illegal to send another person money. The act was intentional to destroy or steal the mail to prevent me from obtaining the money. . . .
>
> Here I lost a gift (property) twice when it was sent to me through the mail. The person that sent the money is an individual non-government person. They sent $1 billion on or around October 3rd, 2024. $100 million was sent more than 6 months ago. This person previously gave me two gifts. The government informed me (using the methods described below) that it was stolen from the mail and that the FBI stole or directed somebody to steal the mail. . . .
>
> I suffered a loss of $1.1 billion because the mail that contained this amount of money was never received. . . .
>
> I am suing for the entire $1.1 billion value of the stolen money.

(Doc. 1 at 4, 6-8).

Plaintiff sues Defendant under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671–2680, and for theft of mail under 18 U.S.C. § 1708. (*Id.* at 3). Plaintiff also includes several pages of "Evidence that this is real." (Doc. at 8-12). For example, he states:

> There was signaling as recently as April 23, 2025 intended to convince me that specifically this issue involving a person sending me a gift through the mail is real. It was an advertisement on my cell phone. It was for a diamond ring (an ecommerce site where you could purchase diamond rings), included the person's first name (I know who the gifter is) in the product name of the ring and included other common signals that they use. . . . I was not shopping for a diamond ring and had never heard of the ecommerce store before I saw the advertisement, so that makes it even more convincing that it is a communication/signal and not a random advertisement.

(*Id.* at 9-10).

In the instant Motion, Defendant seeks dismissal of this action under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process and Rule 12(b)(6) for failure to state a claim. (*See* Doc. 10). Defendant also asks the Court to declare Plaintiff a vexatious litigant.

## LEGAL STANDARDS

### I.    Rule 12(b)(5)

A motion to dismiss brought pursuant to Rule 12(b)(5) tests the sufficiency of service of process. *See* Fed. R. Civ. P. 12(b)(5). "Valid service of process is a prerequisite for a federal court to assert personal jurisdiction over a defendant." *Laster v. City of Albany, Ga., Water, Gas & Light Co.*, 517 F. App'x 777, 777 (11th Cir. 2013).[2] A defendant can waive an objection to insufficient service of process by failing to challenge service under Federal Rule of Civil Procedure 12. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008). The Rule permits a party to move to dismiss a complaint for insufficient service of process so long as the party objecting to service does so in the first responsive pleading. Fed. R. Civ. P. 12(b)(5); *Hemispherx Biopharma, Inc.*, 553 F.3d at 1360. Defendant raised this issue in its first responsive pleading and, therefore, has not waived its objection to service of process.

---

[2] The Court appreciates that unpublished Eleventh Circuit opinions constitute persuasive, and not binding, authority.

## II.     Rule 12(b)(6)

A motion to dismiss brought under Rule 12(b)(6) tests the legal sufficiency of the plaintiff's complaint. To survive the motion, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, a district court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). Additionally, the district court must limit its consideration to the pleadings and any exhibits attached thereto. Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long Cnty., Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and cross "the line from conceivable to plausible." *Ashcroft*, 556 U.S. at 680. The mere recitation of the elements of a claim is not enough, and the district court need not give any credence to legal conclusions that are unsupported by sufficient factual material. *Id.* at 678.

## DISCUSSION

### I.     Insufficient Service of Process

As an initial matter, Plaintiff has failed to sufficiently serve Defendant. Federal Rule of Civil Procedure 4(c)(2) provides, "Any person who is at least 18 years only *and not a party* may serve a summons and complaint." *Id.* (emphasis added).

4

> Here, Plaintiff filed a document entitled "Proof of Service," which states:
>
> I, Lee Michael Tomko, served a copy of the summons and a copy of the complaint for this case on: the Attorney General of the United States, Pamela Bondi, in Washington D.C. and the civil process clerk at the United States attorney's office in Tampa, Florida by certified mail on June 2, 2025 at 1:46 pm. I traveled to a United States Postal Service location in Poinciana, Florida and sent the packages by certified mail. The USPS website says that these packages were delivered.

(Doc. 9). In his Response to the instant Motion, Plaintiff argues:

> There is a specific section under Rule 4 . . . for serving the United States (section i). I followed this section exactly. The "not a party requirement" is not listed in section i. . . . There is no reason why it would matter if I or someone else traveled to the post office to send the documents.

(Doc. 14 at 3).

Courts in this district and beyond have concluded that Rule 4(c)(2)'s "not a party" requirement applies "[e]ven when service is effected by use of the mail." *Constien v. United States*, 628 F.3d 1207, 1213–15 (10th Cir. 2010) (collecting cases); *Copeny v. Dep't of the Navy*, No. 3:13-cv-275-J-MMH-JBT, 2013 WL 12388569, at *3 (M.D. Fla. Nov. 1, 2013), *report and recommendation adopted* 2013 WL 12388561 (M.D. Fla. Dec. 2, 2013) (collecting cases) ("Plaintiff has failed to show that a 'person who is . . . not a party' placed the summons and the Complaint in the mail, as required by Fed. R. Civ. P. 4(c)(2)"). "Although one could question the wisdom of this requirement, [Rule 4] contains no mailing exception to the nonparty requirement for service." *Constien*, 628 F.3d at 1213–14 (citation omitted). Consequently, the undersigned concludes that Plaintiff has failed to properly serve Defendant; therefore, Plaintiff's Complaint is due to be dismissed pursuant to Rule 12(b)(5).

## II.  Failure to State a Claim

Defendant also moves to dismiss the Complaint due to Plaintiff's "patently frivolous allegations." (Doc. 10 at 4-7). Defendant references one of Plaintiff's prior cases—*Tomko v. Martin*, No. 6:24-cv-1063-WWB-DCI—which the court dismissed as frivolous.

This case is similar to *Tomko v. Martin*, and the Honorable Daniel C. Irick's analysis in that case is instructive here. *See id.* (Doc. 15, *report and recommendation adopted* at Doc. 23), *aff'd Tomko v. Martin*, No. 24-13353, 2025 WL 2732573 (11th Cir. Sept. 25, 2025). Judge Irick explained:

> "A lawsuit is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)). The trial court must determine whether there is a factual and legal basis, of constitutional or statutory dimension, for the asserted wrong. *Id.* (citation omitted). A complaint is frivolous where it asserts factual allegations that are "clearly baseless," which, in turn, encompass allegations that are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. at 325, 327-28 (1989)).
>
> Here, the undersigned finds that the Complaint is entirely fanciful. Plaintiff's allegations regarding Defendant's attempts to kill, defame, and harass Plaintiff with the involvement of Congress and the White House are fantastical. Plaintiff's far-fetched scenario regarding Defendant and the government is without an arguable basis in fact and is irrational and incredible. In most cases a court will provide a *pro se* litigant at least one opportunity to amend a pleading prior to a dismissal with prejudice and closure of the case. However, since the Complaint seems wholly insubstantial and frivolous, the undersigned recommends that the Court dismiss the Complaint without leave to amend and direct the Clerk to close the case. *See Cornelius v. Bank of America, NA*, 585 F.App'x 996, 1000 (11th Cir. 2014) (finding that a court need not allow leave to amend if amendment would be futile) (citation omitted); *see also Linge v. State of Georgia, Inc.*, 569 F.App'x 895, 896 (11th Cir. 2014) (citing *Blue Cross &*

6

>*Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (a court may dismiss a federal claim for lack of subject matter jurisdiction if the claim is "wholly insubstantial and frivolous."); *Garner v. CIA*, 2017 WL 11025763, at *2 (M.D. Fla. June 12, 2017), *report and recommended adopted by*, 2017 WL 11025761 (M.D. Fla. July 26, 2017) (dismissing the case with prejudice because the "[t]he allegations in the [c]omplaint are 'clearly baseless,' 'fanciful,' and 'delusional[]'" with "no reasonable chance of success[.]") (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993)).

*Id.* (Doc. 15 at 4-5).[3]

This case fares no better. Plaintiff's factual allegations are yet again "fanciful and irrational," and Plaintiff's Response does nothing to assuage that concern. *See Tomko*, 2025 WL 2732573, at *3. Considering that Plaintiff had notice of the instant Motion and was given an opportunity to respond, the undersigned recommends that the Court dismiss Plaintiff's Complaint as patently frivolous pursuant to its inherent authority.

The undersigned recognizes that Plaintiff recently filed a Motion for Leave to Amend Complaint, (Doc. 26), which included a proposed amended complaint (Doc. 26-1). As Plaintiff's proposed amended complaint is even more delusional, the undersigned recommends denying Plaintiff's Motion for Leave to Amend Complaint as moot.

### III.  Vexatious Litigant

Finally, the undersigned notes Defendant's request that the Court deem Plaintiff a vexatious litigant and limit him from filing any future frivolous lawsuits. Although

---

[3] The Eleventh Circuit "agree[d] with the district court's determination that Tomko's claims [were] frivolous." *Tomko*, 2025 WL 2732573, at *3.

Defendant's argument is well-taken, Plaintiff's small number of frivolous lawsuits does not presently support the conclusion that he is a vexatious litigant. Therefore, the undersigned recommends denying Defendant's Motion to the extent Defendant requests that the Court designate Plaintiff as a vexatious litigant.

## RECOMMENDATION

In short, the undersigned concludes that Plaintiff Lee Michael Tomko's Complaint (Doc. 1) is due to be dismissed pursuant to Rule 12(b)(5) and the Court's inherent authority. Accordingly, the undersigned **RESPECTFULLY RECOMMENDS** that the Court:

1. **GRANT in part** Defendant the United States' Motion to Dismiss (Doc. 10), to the extent that Defendant seeks dismissal of Plaintiff Lee Michael Tomko's Complaint (Doc. 1), and **DENY** the Motion in all other respects;

2. **DENY as moot** Plaintiff Lee Michael Tomko's Motion for Leave to Amend Complaint (Doc. 26); and

3. close the case.

## NOTICE TO PARTIES

The party has **fourteen days** from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on December 19, 2025.

_____
NATHAN W. HILL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Parties
Counsel of Record